IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| PAMELA STOWE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No: 3:21-cv-3112 |
| ) | |
| TRANS UNION, LLC. and ) | |
| WELLS FARGO HOME MORTGAGE, INC., ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

NOW COMES the Plaintiff, PAMELA STOWE, by and through her attorneys, SMITHMARCO, P.C., and for her complaint against TRANS UNION, LLC., and WELLS FARGO HOME MORTGAGE, INC., Plaintiff states as follows:

### I.  PRELIMINARY STATEMENT

1.   This is an action for actual and statutory damages for violations of the Fair Credit Reporting Act (hereinafter "FCRA"), 15 U.S.C. §1681, et. seq.

### II.  JURISDICTION & VENUE

2.   Jurisdiction arises under the Fair Credit Reporting Act 15 U.S.C. §1681, et. seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3.   Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III.  PARTIES

4.   PAMELA STOWE, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Springfield, County of Sangamon, State of Illinois.

5.   At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1681a(c).

1

6. TRANS UNION, LLC., (hereinafter, "Trans Union") is a business entity that regularly conducts business throughout every state and county in the United States and as a corporation that does business in the state of Illinois, is a citizen of the State of Illinois.

7. At all relevant times Trans Union was a "person" as that term is defined by 15 U.S.C. §1681a(b).

8. At all relevant times Trans Union was a "consumer reporting agency" as that term is defined by 15 U.S.C. §1681a(f).

9. WELLS FARGO HOME MORTGAGE, INC., (hereinafter, "Wells Fargo") is a business entity that regularly conducts business throughout every state and county in the United States and as a corporation that does business in the state of Illinois, is a citizen of the State of Illinois.

10. At all relevant times, Wells Fargo was a "person" as that term is defined by 15 U.S.C. §1681a(b).

11. At all relevant times, credit reports as alleged in this pleading are "consumer reports" as that term is defined by 15 U.S.C. §1681a(d).

### IV.   ALLEGATIONS

### COUNT I: PAMELA STOWE v. TRANS UNION, LLC.
### FOR VIOLATIONS OF THE FCRA

12. Trans Union has been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to third parties (hereinafter the "inaccurate information").

13. The inaccurate information of which Plaintiff complains are accounts, or trade-lines, named Wells Fargo Home Mortgage.

14. Specifically, Plaintiff asserts that Plaintiff filed a Chapter 7 bankruptcy petition in 2007, and reaffirmed her mortgage with Defendant, Wells Fargo.

15. Plaintiff received a discharge in bankruptcy on February 6, 2008.

16. In 2009 Plaintiff entered into a re-modification of the loan agreement with Wells Fargo.

17. More than ten (10) years have passed since Plaintiff reaffirmed her mortgage with Wells Fargo in her bankruptcy case, and remodified the loan with Wells Fargo.

18. Plaintiff has, at all times since, been on-time with her payments to Defendant. Wells Fargo and has not had the account go into a default or non-payment status.

19. Despite the foregoing, Trans Union has disseminated credit reports and/or information reflecting that the account has been reaffirmed in a bankruptcy despite that re-affirmation having occurred over ten (10) years ago. (hereinafter "the inaccurate information")

20. Pursuant to 15 U.S.C. §1681c(a)(1) no consumer reporting agency may make a report containing cases under the Bankruptcy Act that, from the date of entry of the order for relief, antedates the report by more than ten (10) years.

21. Plaintiff's bankruptcy and reaffirmation agreement occurred in excess of 10 years prior to the date of the credit reports containing the information that have been sent to potential credit granters.

22. The reporting of the account is inaccurate and misleading as it gives the impression that Plaintiff was involved in a bankruptcy case within the last ten years, when Plaintiff has not had her bankruptcy case pending for nearly thirteen years.

23. The inaccurate information negatively reflects upon Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor, and Plaintiff's credit worthiness.

24. Credit reports containing the inaccurate information have been and continue to be disseminated to various persons and credit grantors, both known and unknown.

25. On March 15, 2021, Plaintiff disputed the inaccurate information with Trans Union by written communication to its representatives and by following Trans Union's established procedure for disputing consumer credit information.

26. Upon information and belief, within five (5) days of Plaintiff disputing the inaccurate information with Trans Union, Trans Union notified Wells Fargo of Plaintiff's dispute and the nature of the dispute.

27. Upon information and belief, within five (5) days of Plaintiff disputing the inaccurate information with Trans Union, Wells Fargo received notification from Trans Union of Plaintiff's dispute and the nature of the dispute.

28. Upon information and belief, Trans Union received the results of Wells Fargo's investigation as to Plaintiff's dispute.

29. Upon information and belief, Trans Union updated the reporting of the account(s) at issued solely based upon the information it received from Wells Fargo in response to Plaintiff's dispute.

30. Notwithstanding Plaintiff's efforts, Trans Union has responded to Plaintiff's disputes claiming the information has been verified as accurate, and instead has continued to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors.

31.     Despite Plaintiff's efforts to date, Trans Union has nonetheless deliberately, willfully, intentionally, recklessly and negligently repeatedly failed to perform reasonable re-investigations of the above dispute as required by the FCRA, has failed to remove the inaccurate information, has failed to note the disputed status of the inaccurate information, and has continued to report the derogatory inaccurate information about Plaintiff.

32.     Plaintiff's credit reports and file have been obtained from Defendant and have been reviewed many times by prospective and existing credit grantors and extenders of credit, and the inaccurate information has been a substantial factor in precluding Plaintiff from receiving many different credit offers and opportunities, known and unknown, and from receiving the most favorable terms in financing and interest rates for credit offers that were ultimately made.

33.     As a result of Defendant's conduct, Plaintiff has suffered actual damages in the forms of lost credit opportunities, harm to credit reputation and credit score, and emotional distress.

34.     At all times pertinent hereto, Trans Union was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of Trans Union.

35.     At all times pertinent hereto, the conduct of Trans Union, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of Plaintiff herein.

36.     Pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o, Trans Union is liable to Plaintiff for engaging in the following conduct:

a. Willfully or negligently failing to conduct a proper and reasonable reinvestigation concerning the inaccurate information after receiving notice of the dispute from Plaintiff, in violation of 15 U.S.C. §1681i(a);

b. Willfully or negligently failing to provide all relevant information provided by Plaintiff regarding the dispute of the inaccurate information to the furnishing entities, in violation of 15 U.S.C. §1681i(a);

c. Willfully or negligently failing to review and consider all relevant information submitted by Plaintiff concerning the dispute of the inaccurate information, in violation of 15 U.S.C. §1681i(a);

d. Willfully or negligently failing to delete the inaccurate information from Plaintiff's credit file after reinvestigation, in violation of 15 U.S.C. §1681i(a); and/or

e. Willfully or negligently failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information and file, in violation of 15 U.S.C. §1681e(b).

37. The conduct of Trans Union was a direct and proximate cause, as well as a substantial factor, in bringing about the injuries, damages and harm to Plaintiff that are outlined more fully above and, as a result, Trans Union is liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

### COUNT II: PAMELA STOWE v. WELLS FARGO HOME MORTGAGE, INC., FOR VIOLATIONS OF THE FCRA

38. Plaintiff re-alleges and incorporates by reference each of the preceding paragraphs in this complaint as though fully set forth herein.

39. Wells Fargo violated sections 1681n and 1681o of the FCRA by engaging in the following conduct, which violates 15 U.S.C. §1681s-2(b):

a. willfully and negligently failing to conduct an investigation of the inaccurate information that Plaintiff disputed upon receiving notice of the dispute of the consumer from Trans Union;

    b.  willfully and negligently failing to review all relevant information concerning Plaintiff's account provided to by Trans Union;

    c.  willfully and negligently failing to report the inaccurate status of the inaccurate information to all credit reporting agencies;

    d.  willfully and negligently failing to properly participate, investigate and comply with the reinvestigations that were conducted by any and all credit reporting agencies concerning the inaccurate information disputed by Plaintiff;

    e.  willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning Plaintiff to credit reporting agencies and other entities despite knowing that said information was inaccurate;

    f.  willfully and negligently failing to comply with the requirements imposed on Wells Fargo of information pursuant to 15 U.S.C. §1681s-2.

40. Wells Fargo's conduct was a direct and proximate cause, as well as a substantial factor, in causing the injuries, damages and harm to Plaintiff that are outlined more fully above, and as a result, Wells Fargo is liable to compensate Plaintiff for the full amount of statutory, actual and punitive damages, along with attorneys' fees and costs, as well as such other relief permitted by law.

## V.    JURY DEMAND

41. Plaintiff hereby demands a trial by jury on all issues so triable.

## VI.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff, PAMELA STOWE, by and through her attorneys, respectfully pray for judgment in her favor and against TRANS UNION, LLC. and WELLS FARGO HOME MORTGAGE, INC. as follows:

    a.    All actual compensatory damages suffered;

    b.    Statutory damages;

7

    c.      Plaintiff's attorneys' fees and costs;

    d.      Punitive damages; and,

    e.      Such other and further relief as may be necessary, just and proper.

                            Respectfully submitted,
                            **PAMELA STOWE**

                  By:    s/ David M. Marco
                            Attorney for Plaintiff

Dated: May 18, 2021

David M. Marco
IL Bar No. 6273315/FL Bar No. 125266
SMITHMARCO, P.C.
55 W. Monroe Street, Suite 1200
Chicago, IL 60603
Telephone:    (312) 546-6539
Facsimile:     (888) 418-1277
E-Mail:        dmarco@smithmarco.com